IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERNANDO YZAGUIRRE ALEMAN, SR § | |
|     TDCJ-CID NO. 505256 § | |
| v. § | C.A. NO. C-11-379 |
| § | |
| RICK THALER § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is a state prisoner currently incarcerated at the Wayne Scott Unit in Angleton, Texas. (D.E. 23). He filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his parole revocation. (D.E. 1). Pending is Respondent's motion to dismiss on the basis that this petition was not timely filed. (D.E. 20). Petitioner has submitted a response opposing this motion. (D.E. 28). For the reasons that follow, it is respectfully recommended that Respondent's motion to dismiss be granted, and that this habeas petition be dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner was convicted in Bee County, Texas. (D.E. 1, at 2). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(6).

## II. PROCEDURAL BACKGROUND

On January 12, 1989, Petitioner was convicted of murder with a deadly weapon and sentenced to thirty-five years imprisonment. (D.E. 1, at 2). He was later released to parole; however, on April 23, 2010, his parole was revoked following an assault charge. Id. at 5, 7-8.

Petitioner filed a state habeas application on July 6, 2011 challenging his parole

revocation. Id. at 3. On September 7, 2011, the Court of Criminal Appeals denied this application without a written order. Id. at 4. Petitioner then filed this federal habeas petition on November 22, 2011. Id. at 19; (D.E. 20, at 3 n.4).

## III.  PETITIONER'S ALLEGATIONS

Petitioner argues that his parole revocation should be reversed because he was not given a preliminary hearing within a reasonable time after he was detained. (D.E. 1, at 8, 13). He also claims that his parole was improperly revoked on the basis of hearsay statements by the victim of the alleged assault. Id. at 16.

## IV.  DISCUSSION

Respondent urges that this petition should be dismissed as time-barred. (D.E. 20, at 4).

**A.     Petitioner's Claim Was Not Filed Within The Limitations Period.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Nevertheless, certain actions will toll the limitations period. For example, while a prisoner seeks state habeas review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The Fifth Circuit has specified that "[s]ubsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions." Stone v. Thaler, 614 F.3d 136, 138 (5th Cir. 2010) (citing Goodwin v. Dretke, 118 F. App'x 817, 818 (5th Cir. 2004) (per curiam) (unpublished)). Because a petitioner cannot challenge a parole revocation before parole was actually revoked as a factual matter, the Fifth Circuit has recognized the date of revocation as the date the AEDPA one-year limitation period begins. See Heiser v. Johnson, 263 F.3d 162, 2001 WL 803542, at *2 (5th Cir. June 8, 2001) (unpublished) (AEDPA statute of limitations began running on the date that the petitioner's mandatory supervision was revoked). Based on the pleadings, the AEDPA limitations period began running on April 23, 2010–the date that Petitioner's parole was revoked.

Petitioner contends that the limitations period did not begin until sixty days after the revocation. (D.E. 28, at 3). He specifically refers to a Texas Board of Pardons and Paroles rule that provides "[t]he releasee ... shall have 60 days from the date of the board panel's revocation decision to request a reopening of the case for any substantial error in the revocation process or upon newly discovered information." 37 Tex. Admin. Code § 146.11(a). While a state law that

"impedes a prisoner's ability to file for state habeas relief" can serve to toll the AEDPA's limitations period, Stone, 614 F.3d at 138 (citing Wion v. Quarterman, 567 F.3d 146, 148 (5th Cir. 2009)), nothing in § 146.11 makes such a request to reopen a pre-condition for filing a state habeas application.  Indeed, at least one other court in this circuit squarely addressing this issue concluded that "while a prisoner who wishes to challenge a parole revocation may request that the Board reopen the revocation hearing, he is not required to do so and may immediately challenge the revocation by filing a state application for writ of habeas corpus." Johnson v. Quarterman, No. 4:08-CV-461-A, 2009 WL 1659643 (N.D. Tex. June 11, 2009) (unpublished) (citations omitted).  Therefore, Petitioner's attempt to delay the beginning of the AEDPA limitations period by sixty days is unavailing.

Given that the AEDPA's one-year limitations period began to run on April 23, 2010, Petitioner had until April 25, 2011 to either file this federal habeas petition or toll the limitations period by filing a state habeas application.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) (Rule 6(a) of the Federal Rules of Civil Procedure "applies to the computation of the one year limitation period in § 2244(d) of AEDPA"); Fed. R. Civ. P. 6(a)(1)(C) ("if the last day [of an applicable period] is a Saturday, a Sunday, or a legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").  Although he submitted a state habeas application on July 6, 2011, (D.E. 1, at 3), it was filed after the AEDPA's limitations period had elapsed and does not toll the limitations period.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (AEDPA limitations period was not tolled when petitioner filed a state habeas application after the period of limitations expired).  Even if Petitioner's earlier asserted filing date of June 24, 2011 were considered, (D.E. 28, at 4), it would not alter the

conclusion that the state habeas application was filed too late to toll the AEDPA's deadline.

Petitioner filed this federal habeas petition on November 22, 2011–almost seven months after the AEDPA deadline elapsed. Accordingly, it is respectfully recommended that this petition was filed outside the limitations period.

**B.     Petitioner Is Not Entitled To Equitable Tolling.**

Petitioner acknowledges that this § 2254 petition is untimely within the meaning of § 2244(d)(1), (D.E. 28, at 4), but he nevertheless believes that he is entitled to equitable tolling "based primarily on the fact that Petitioner's parole was revoked unconstitutionally, or, ... that Petitioner presents a prima facie claim of a constitutional violation sufficient to entitle him to equitable tolling." Id. at 4-5. However, he misunderstands the purpose and operation of equitable tolling.

Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The doctrine is available "'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). The Supreme Court has explained that, when evaluating equitable tolling, habeas "courts exercise judgment in

light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2263 (2010).

A careful review of the pleadings does not reveal any potentially "rare and exceptional" circumstances warranting equitable tolling. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted). Petitioner has not demonstrated that he was diligent in pursuing his rights, nor has he recounted any extraordinary circumstance that prevented him from submitting this habeas petition on time. His argument that "time must still be set aside for conducting research" ignores that the AEDPA provided him with one year in which to conduct research and initiate legal proceedings. Moreover, to the extent that Petitioner seeks to base his request for equitable tolling on his lack of experience dealing with legal matters, the Fifth Circuit has explicitly foreclosed using excusable neglect or ignorance of the law as grounds for justifying equitable tolling. Fierro, 294 F.3d at 682. Accordingly, it is respectfully recommended that Petitioner is not entitled to equitable tolling.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further

briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion to dismiss, (D.E. 20), be granted, and that this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 13th day of June 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).